IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMONA KENNARD, | § | |
| Dallas Cnty. Jail BookIn No. 20028686, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3517-B-BN |
| | § | |
| DALLAS COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Romona Kennard, an inmate at the Dallas County jail at least at the time she filed this case, bring a *pro se* civil rights complaint against the jail [Dkt. No. 3], ostensibly challenging the conditions of her confinement as unconstitutional. The Court has referred this case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice.

**Legal Standards**

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

And a district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490

- 3 -

U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

**Analysis**

Kennard appears to allege that the conditions of her confinement are (or were) unconstitutional because "[t]he cellblock I am put in have no one to talk to Lock-up every hour come out of window seal room the inmate talk and are from a [indecipherable] and no [indecipherable] or [indecipherable] and is mental health is one of my goals and the mental health worker is doing research and Africa in the jail and Jews [indecipherable] and have me put in a cave because of my work job meet them at the West End Transit is where she trying to kill me …." Dkt. No. 3.

After reviewing these allegations, to the extent they are decipherable, the undersigned finds that the facts that Kennard does provide only support claims that are fantastic, delusional, irrational, or wholly incredible. The Court should therefore dismiss this case with prejudice. *Cf. Starrett*, 763 F. App'x at 384 ("Starrett asks us to overturn the district court's dismissal based on outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology. These pleaded facts are facially implausible. Dismissal with prejudice was appropriate, the district court did not err …."); *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (per curiam) ("The district court found that Simmons's assertion of a vast conspiracy by all levels of the

state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional. … Our review of Simmons's complaint convinces us that the dismissal as frivolous was not an abuse of discretion." (citations omitted)); *Kolocotronis v. Club of Rome*, 109 F.3d 767, 1997 WL 115260, at *1 (5th Cir. Feb. 24, 1997) (per curiam) ("The district court did not abuse its discretion in adopting a magistrate judge's finding that Kolocotronis' allegations, which describe a government plot to spread the AIDS virus throughout the world, were 'fantastic' and 'delusional' and therefore frivolous." (citation omitted)).

**Recommendation**

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 7, 2020

                                                                                         _____
                                                                                         DAVID L. HORAN
                                                                                         UNITED STATES MAGISTRATE JUDGE